**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DANNY JERARD JACKSON, #141101**                             **PETITIONER**

**versus**                                             **NO. 1:12cv364LG-JMR**

**STATE OF MISSISSIPPI;
JIM HOOD; and RON KING**                               **RESPONDENTS**

## REPORT & RECOMMENDATION

This matter is before this court on the Petition [1] for Writ of Habeas Corpus filed by

Danny Jerard Jackson [Jackson], pursuant to 29 U.S.C. § 2254. An answer to the petition was

filed on behalf of the Defendants, State of Mississippi, Jim Hood [Hood] and Ron King [King],

on February 6, 2013, seeking to dismiss the petition. [12.] The Court, having been advised in the

premises and having considered the entire record, including the state court record, recommends

that Jackson's Petition for Writ of Habeas Corpus should be dismissed.

## STATEMENT OF THE CASE

On July 29, 2009, Jackson was convicted of one count of murder in the First Judicial

District of the Circuit Court of Harrison County, Mississippi. [12, p. 3; 13-6, p. 86.] He was

sentenced to serve life in the custody of the Mississippi Department of Corrections [MDOC].

[13-6, p. 250.] He filed a motion for new trial on September 14, 2009, which was denied on

November 2, 2009. Jackson filed an appeal with the Mississippi Court of Appeals, which

affirmed the conviction. *Jackson v. State*, 68 So.3d 709 (Miss. Ct. App. 2011). Jackson filed an

application for leave to proceed in the trial court with a motion for post-conviction relief, which

was denied by the Mississippi Supreme Court on June 28, 2012. [12-2, p. 1.] Jackson's Petition

for Writ of Habeas Corpus was filed in this court on November 15, 2012. [1.]

## ANALYSIS

In the present petition, Jackson has stated four grounds for relief, as follows:

1.      Right to confront accusers at trial violated.

2.      Improper jury instructions.

3.      Denial of psychiatric examination, pretrial.

4.      Ineffective assistance of counsel.

[1, pp. 6-12.]

In particular, regarding his claim in the first grounds of the petition, Jackson states that the prosecution was allowed to use scientific documents which were not authenticated by the witness. [1, p. 5.] Jackson claims he had no opportunity to cross examine the person who actually performed the tests on the evidence. (*Id.*) Jackson claims that "the trial court improperly instructed the jury on deliberate-design murder, and' as opposed to malice-aforethought, which was an 'element of the offense' as charged in the indictment." [1, p. 7.] Jackson contends that he is entitled to habeas relief because he was denied a pretrial psychiatric examination. [1, p. 8.] Finally, Jackson claims that he received ineffective assistance of counsel because his trial and appellate counsel did not raise certain issues, and because neither of these attorneys were "versed in the law." [1, p. 10.]

According to the Respondents, grounds one and two of the petition were found to be procedurally barred by the Mississippi Supreme Court. [12, p. 4.] Jackson can overcome the procedural default by showing that something external and which cannot be attributed to Jackson caused the default, according to the Respondents. [12, p. 5, *citing Coleman v. Thompson*, 501 U.S. 722, 753 (1991).] He also has not shown actual prejudice from the procedural bar, according to the Respondents. [12, p. 6.] The Respondents assert that as a result, the Court is

precluded from reviewing the claims raised in grounds one and two of the petition. [12, p. 7.] In addition, the respondents assert that Jackson has not established that he is actually innocent of the crime for which he was convicted. (*Id*.)

The Respondents also assert that grounds two and four were reviewed by the Mississippi Supreme Court and found to lack merit. [12, p. 7.] Because these issues were decided on the merits, the respondents contend that habeas relief cannot be granted on these claims. (*Id*.) According to the Respondents, the claims in this petition contain mixed questions of law and fact. [12, p. 8.] In order to grant habeas relief, the federal court must determine that the state court's decision involved an unreasonable application of the law to the facts. (*Id*.)

## STANDARD OF REVIEW

Petitions to the federal courts for *habeas* review by state prisoners are made pursuant to 28 U.S.C. § 2254(d). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] govern the standard of review for petitions for writs of *habeas corpus* filed by prisoners in state custody and applies to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The revised act, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In addition, a state prisoner asserting claims in a federal habeas petition must first present those claims to the state court and exhaust state remedies. 28 U.S.C. § 2254(b). The Court has thoroughly examined the record in this case and has determined that each of the issues raised in Jackson's *habeas* petition were considered and rejected by the state court. [13-4, p. 6-13, 50-63; 13-6, pp. 92, 116-173; 252; 13-7, pp. 2, 6-27; 40-41; *Jackson v. State*, 68 So.3d 709, 713 (Miss. 2011).]

## DISCUSSION

Under the AEDPA, where the issues were previously decided in the state court on the merits, as in the pending matter, that adjudication is entitled to deference. *Amos v. Thornton,* 646 F.3d 199, 204 (5th Cir. 2011). Subsections (d)(1) and (2) permit federal court relief only if state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence, or contrary to established law as determined by the United States Supreme Court. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997) *cert. denied* 521 U.S. 1123. Under the "contrary to" test of the AEDPA, a federal court may grant a writ of habeas corpus, with respect to claims adjudicated on the merits in state court, only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 402-3 (2000). Additionally, the "unreasonable application" standard of review of a state court decision federal courts should inquire whether the state court's application of clearly established federal law was *objectively* unreasonable. *Tucker v. Johnson*, 242 F.3d 617, 620-1 (5th Cir. 2001), *cert. denied* 533 US 972. The Court considers all evidence in the light most favorable to the prosecution, while referring to

the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995).

The Court finds that petitioner raises no issues in the present petition that were not previously brought before state court in his earlier pleadings. The Court further concludes that the state court's ultimate decisions were not an objectively unreasonable application of clearly established federal law, and should be upheld.

The record before the Court contains evidence which supports the conviction, on all grounds raised by the petitioner, and it is not within the province of this Court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S.62, 67-8 (1991). The grounds listed by Jackson in his petition were all decided on the merits in state court, and the state's application of law to the facts was clearly not unreasonable in light of the evidence. The Court finds that the prior holdings of the Mississippi Court of Appeals were correct in light of established precedent and not debatable among reasonable jurists. Therefore, the Court finds habeas relief should not be granted based on these claims. In the alternative, the Court will address the merits of each claim presented by Jackson in the present petition for habeas corpus.

**1.   Whether Jackson was denied the right to confront accusers at trial by the testimony of Gina Pineda during trial.**

Jackson asserts that the persons who actually conducted the lab analysis on blood samples should have testified at trial, instead of allowing Gina Pineda [Pineda], who did not actually test the samples, to testify. [13-7, p. 19.] Jackson claims that this violated his right to confront the two individuals that actually did the testing, based on the United States Supreme

Court's findings in *Bullcoming v. New Mexico*[1]. [13-7, p. 20.]

In *Bullcoming,* the Supreme Court addressed whether "the Confrontation Clause permit[s] the prosecution to introduce a forensic laboratory report containing a testimonial certification, made in order to prove a fact at a criminal trial, through the in-court testimony of an analyst who did not sign the certification or personally perform or observe the performance of the test reported in the certification." *Bullcoming*, 131 S.Ct. at 2710.

Pineda testified during trial that she had extensive experience in DNA testing and analysis. [13-3, pp. 39-40.] She performed case reviews, interpreted results, made written reports and testified in court regarding her findings. [13-3, p. 40.] She established operating procedures at the lab that analyzed the samples, while employed as a lab supervisor in her prior employment. (*Id.*) She holds a masters degree in pathology with a concentration in forensic DNA. [13-3, p. 41.] Pineda testified that two analysts, Huma Nasir and Christine Ackerman, performed the tests on the samples presented during Jackson's trial and Pineda was responsible for performing a technical review of the findings to insure that all procedures were followed and the testing was performed adequately. [13-3, pp. 57, 65.] Pineda analyzed the profile to determine if further testing was required. [13-3, p. 66.]

An objection was lodged during trial to strike Pineda's testimony because she did not perform the analysis on the samples. [13-3, p. 70.] That objection was overruled. (*Id.*) In addition, Jackson's motion for new trial included the same objection to Pineda's testimony. [13-1, p. 133.] The motion for new trial was overruled on November 2, 2009. [13-1, p. 145.] This issue was also presented to for review on Jackson's motion for post-conviction relief, which was

---

[1]131 S.Ct. 2705

filed in the Mississippi Supreme Court on April 20, 2012. [13-7, pp. 3, 6, 8, 19-21.] That motion

was denied by the Mississippi Supreme Court on June 28, 2012, as procedurally barred. [13-7, p.

2.]

The record here illustrates that Pineda, as the technical reviewer assigned to the case, was

familiar with each step of the complex testing process conducted by her coworkers. Pineda

analyzed the data generated by each test conducted by her coworkers and signed the report.

Given Pineda's knowledge about the underlying testing process and the report itself, any

questions regarding the accuracy of the report could have been asked of Pineda. *See, e.g.,*

*Williams v. Illinois,* ___ U.S. ___, 132 S.Ct. 2221, 2228, 2244 (2012) (plurality opinion);

*Galloway v. State*, 122 So.3d 614, 638 (Miss. 2013). The Court finds that no Confrontation

Clause violation occurred in this case.

**2.      Jackson's claim that his constitutional rights were violated because improper jury
         instructions were given.**

This claim was previously reviewed by state court on appeal. *Jackson*, 68 So.2d at 712-

717. In addition, the issue was raised in Jackson's motion for new trial. [13-1.] Jackson contends

that the trial court improperly instructed the jury on deliberate design murder, as advanced in

ground two of the habeas petition. [12, p. 10.] The burden of establishing an error in a jury

instruction which rises to constitutional proportions the petitioner must show that the erroneous

instruction itself infected the entire trial so that the resulting conviction violates due process.

*Cupp v. Naughten*, 414 U.S. 141, 147 (1973). In addition, improper jury instructions in state

criminal trials do not generally form the basis for federal habeas relief. *Estelle v. McGuire*, 502

U.S. 62, 71–2 (1991); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

Jackson stabbed his wife's lover, Neco Strickland, in the heat of passion, because

Jackson heard of his wife's infidelity. The jury found Jackson guilty of deliberate-design murder. *Jackson*, 68 So.2d at 712. The Mississippi Court of Appeals found that the jury instructions given were proper. *Id.*, at 715. The court found that the proposed instruction, D-10 attempted to convey instructions which were given in other instructions making the proposed instruction duplicative. [13-4, pp. 15-16; *Jackson*, 68 So.2d at 713-715.] These propositions were adequately explained in instruction S-9. [13-4, p. 16.]

"In examining habeas claims of improper jury instructions, the 'inquiry is not whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional magnitude.'" *Galvan v. Cockrell,* 293 F.3d 760, 764 (5th Cir. 2002) (quoting *Sullivan v. Blackburn,* 804 F.2d 885, 887 (5th Cir. 1986)). The critical point is not whether the instruction was erroneous or even universally condemned; it is, "whether the . . . instruction by itself so infected the entire trial that the resulting conviction violates due process . . .." *Johnson v. Puckett,* 176 F.3d 809, 824–25 (5th Cir. 1999); *Mayabb v. Johnson,* 168 F.3d 863, 867 (5th Cir. 1999) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147 (1973)); *see also Hughes v. Johnson,* 191 F.3d 607, 627 (5th Cir. 1999).

The record shows that the jury in Jackson's case was thoroughly and properly instructed on Mississippi law and no violation of due process occurred in this case. The Court finds no basis for habeas relief in Jackson's contentions regarding the jury instructions.

3.      **Denial of Psychiatric Examination**

Jackson contends that he is entitled to habeas relief because the court "failed and/or refused to order examination, and trial court did not motion court for examination." [1, p. 8.] Jackson raised this issue in his petition for post-conviction relief. [13-7, pp. 6, 22-25.] Jackson

claims he does not know why the trial court refused to grant a psychiatric examination before trial. [13-7, p. 9.]

The United State Supreme Court has addressed the question of "whether, and under what conditions, the participation of a psychiatrist is important enough to [the] preparation of a defense to require the State to provide an indigent defendant with access to competent psychiatric assistance in preparing the defense." *Ake v. Oklahoma,* 470 U.S. 68, 77 (1985). The Supreme Court held that where the defendant's sanity at the time of the offense is a significant factor at trial, the State should provide the defendant with access to a psychiatrist. *Id.* at 83, 105 S.Ct. 1087. Jackson's sanity was not at issue in this case. *Jackson*, 68 So.3d at 711-713. The Court finds no merit to Jackson's arguments regarding the failure to order a pretrial psychiatric examination in his case.

## 4.       Ineffective Assistance of Counsel

Jackson claims he received ineffective assistance of counsel. [12, p. 12.] Jackson claims he received ineffective assistance of appellate counsel because his attorneys were not members of the state bar association. Jackson was represented on appeal by the Mississippi Office of Indigent Appeals through attorney Leslie Lee. Third year law students who were participating in the University of Mississippi School of Law Criminal Appeals Clinic and who had been admitted to limited practice, along with Phillip Broadhead, Clinical Professor and Director of Criminal Appeals Clinic, were appointed as Jackson's attorneys. [12, p. 15.]

Ineffective assistance of counsel claims are analyzed using the two part test announced in *Strickland v. Washington*:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the

9

"counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984). The Defendant must satisfy both prongs by a preponderance of the evidence. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). If the Court finds against the Defendant on either element, then the petition for the writ may be denied on the Petitioner's ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697.

Under the deficiency prong of the test, the Defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of 20/20 hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988); *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards. *Lavernia*, 845 F.2d at 498. Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986). The pivotal question in a § 2254 proceeding is whether the state court's application of the *Strickland* standard was unreasonable.

To prove prejudice when considering the actions of trial counsel, a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. To prove prejudice

where the petitioner claims that appellate counsel was ineffective, a petitioner must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. *Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir. 2001); *see also Smith v. Robbins,* 528 U.S. 259, 286 (2000). To overcome the deference given to informed strategic decisions, a petitioner must show that his counsel "blundered through trial, attempted to put on an unsupported defense, abandoned a trial tactic, failed to pursue a reasonable alternative course, or surrendered his client." *Moore v. Johnson,* 194 F.3d 586, 615 (5th Cir. 1999). None of these factors are present in this case.

An appellate attorney's failure "to raise every 'colorable' claim suggested by a client" does not amount to ineffective assistance, as an attorney is not required to raise every non-frivolous issue on appeal. *See Jones v. Barnes,* 463 U.S. 745, 751-4 (1983). A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jones,* 463 U.S. at 749. But counsel is not required "to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989). Instead, counsel must raise and brief those issues believed to have the best chance of success. *See Schaetzle v. Cockrell,* 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied* 540 U.S. 1154 (2004); *United States v. Williamson,* 183 F.3d 458, 462–3 (5th Cir. 1999). To prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000). Jackson fails to show how any specific action or inaction by his attorneys on appeal damaged his case. Accordingly, the Court finds that Jackson was not prejudiced by counsels' alleged deficiency and, as such, these individuals were not

unconstitutionally ineffective.

To prove prejudice, a defendant must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert denied* 516 U.S. 1005 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). A petitioner must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.) *cert denied*, 476 U.S. 1143 (1986). There is no constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981) *cert denied*, 456 U.S. 949 (1982).

Jackson claims that neither his trial counsel nor counsel on direct appeal raised issues which were part of the record. [1, p. 10.] In addition, Jackson contends that neither of these attorneys were "versed in established law, or failed to know what the law was on issues." (*Id*.) Jackson fails to establish how defense counsel could have conducted the trial to bring about a different outcome to his case. He fails to explain how defense counsel failed to prepare and does not specify what information he provided to defense counsel which was not used in his defense. Jackson also does not establish how his appellate counsel were deficient, other than to claim that they were not "versed in the law." The Court finds that these conclusory allegations are simply insufficient to raise a ineffective assistance of counsel claim. *See Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002)(quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Jackson fails to show any deficiency on the part of his trial or appellate attorneys or show any resulting prejudice from these attorneys' actions. The Court recommends that Jackson's petition for habeas relief based on his claim that he received ineffective assistance of counsel

should be denied.

Based on the forgoing analysis, this Court recommends that Jackson's Petition [1] for Writ of Habeas Corpus be denied. In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than June 5, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

This the 22nd day of May, 2014.

_s/ John M. Roper, Sr._
CHIEF UNITED STATES MAGISTRATE JUDGE

13