IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANNY JERARD JACKSON**                                                **PETITIONER**

**V.**                                  **CAUSE NO. 1:12CV364-LG-JCG**

**STATE OF MISSISSIPPI;**
**JIM HOOD; RON KING**                                        **RESPONDENTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the [14] Report and Recommendation of Chief United States Magistrate Judge John M. Roper.[1] On November 15, 2012, Petitioner Danny Jerard Jackson filed a Petition for Writ of Habeas Corpus. On February 6, 2013, Respondents, State of Mississippi, Jim Hood, and Ron King, filed an answer and sought to dismiss the Petition. On May 22, 2014, Magistrate Judge Roper recommended that this Court deny Jackson's Petition. Jackson then filed a Motion requesting additional time, until July 5, 2014, to file an objection to the Report and Recommendation. The Court granted Petitioner's Motion on June 10, 2014, and ordered that any objection was due by July 7, 2014. However, to date, Jackson has never filed an objection to the Report and Recommendation.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection

---

[1] This case was reassigned to Magistrate Judge John C. Gargiulo by Order of this Court dated August 5, 2014.

is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court is of the opinion that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law. Accordingly, the Court finds that Jackson's [1] Petition for Writ of Habeas Corpus should be denied and the [14] Report and Recommendation of Magistrate Judge Roper should be adopted as the opinion of this Court.

## BACKGROUND

On July 20, 2009, Jackson was convicted of one count of murder in the First Judicial District of the Circuit Court of Harrison County, Mississippi and sentenced to serve life imprisonment in the Mississippi Department of Corrections.[2] Jackson filed a motion for new trial in the trial court, which was denied. He then appealed his conviction to the Mississippi Court of Appeals, which affirmed the conviction. *Jackson v. State*, 68 So. 3d 709 (Miss. Ct. App. 2011). Jackson filed a pro se Application for Post-Conviction Collateral Relief in the Mississippi Supreme Court, which was also denied. (Order of Miss. Sup. Ct., ECF No. 12-2). This Petition followed.

## DISCUSSION

Jackson raises four grounds for relief:

---

[2] The facts before the jury were that Jackson stabbed his wife's lover to death outside a convenience store.

(1) violation of his right to confront accusers at trial, and, specifically, that "the prosecution was allowed to use scientific documents before the jury, to be attested to by second-hand party who did not actually conduct the tests in question[;]"

(2) improper jury instruction on deliberate-design murder as opposed to malice-aforethought;

(3) denial of a pretrial psychiatric examination; and

(4) ineffective assistance of both trial and direct-appeal counsel.

(Pet. 5-11, ECF No. 1).

The Magistrate Judge concluded that Jackson's Petition raised no issues "that were not previously brought before state court in his earlier pleadings" and further concluded that "the state court's ultimate decisions were not an objectively unreasonable application of clearly established federal law, and should be upheld." (Rep. and Rec. 5, ECF No. 14). The Court finds that this conclusion is neither clearly erroneous nor contrary to law. *See Tucker v. Johnson*, 242 F.3d 616, 620-21 (5th Cir. 2001).

The Court has also reviewed the Magistrate Judge's merits analysis on each of Jackson's claims and finds that the Magistrate Judge's conclusions regarding the merits of each claim are neither clearly erroneous nor contrary to law.

**Ground One (violation of right to confront accuser at trial)**

The Magistrate Judge's finding that there was no Confrontation Clause violation under the circumstances presented in Jackson's case does not ran afoul of

the United States Supreme Court's decision in *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011). *See, e.g.*, *U.S. v. Johnson*, 558 F. App'x 450, 453 (5th Cir. 2014) (discussing *Bullcoming*'s limited holding), *cert. denied*, No. 14-5662, 2014 WL 38705811, at *1 (Oct. 6, 2014); *see also Bullcoming*, 131 S. Ct. at 2722 (Sotomayor, J., concurring in part) ("This is not a case in which the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue. . . .  We need not address what degree of involvement is sufficient because here [the person allowed to testify] had no involvement whatsoever in the relevant test and report.").

**Ground Two (improper jury instruction on deliberate design murder)**

The Court also finds that it was neither clearly erroneous nor contrary to law for the Magistrate Judge to conclude "that the jury in Jackson's case was thoroughly and properly instructed on Mississippi law and no violation of due process occurred in this case."  (Rep. and Rec. 8, ECF No. 14).  There was certainly no "prejudice of constitutional magnitude . . . ." *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

**Ground Three (denial of pretrial psychiatric examination)**

Furthermore, the Magistrate Judge's finding that there is no merit to Jackson's argument regarding the failure to order a pretrial psychiatric examination is neither clearly erroneous nor contrary to law. *See Ake v. Oklahoma*, 470 U.S. 68, 83 (1985) (to be entitled to psychiatric examination, defendant must

show that his sanity at the time of the offense is "a *significant* factor at trial") (emphasis added); *Volanty v. Lynaugh*, 874 F.2d 243, 247 (5th Cir. 1989).

**Ground Four (ineffective assistance of counsel)**

Finally, the Magistrate Judge's finding, based on the factors set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), that "Jackson fails to show any deficiency on the part of his trial or appellate attorneys or show any resulting prejudice from these attorneys' actions" (Rep. and Rec. 12, ECF No. 14) is neither clearly erroneous nor contrary to law.

## CONCLUSION

The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [14] Report and Recommendation of United States Magistrate Judge John M. Roper entered in this cause on May 22, 2014, should be, and hereby is, adopted as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that [1] Petitioner's 28 U.S.C. § 2254 habeas corpus petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 15th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE